State v. Davis.

---

STATE OF MAINE *versus* WILLIAM S. DAVIS.

When one man is indicted for being a common seller of spirituous liquors, without license, another who was to participate in the profits of the business, cannot claim for that reason to be exempted from testifying to the commission of the offence.

All who take it upon them to be common sellers of spirituous liquors, without being licensed therefor, in less ·quantities than twenty-eight gallons at a time, are liable to the penalty provided by the statute, whether they take it upon themselves to be common victualers or not.

At the hearing in this Court upon exceptions from the District Court, no questions are open but such as appear in the bill of exceptions to have been taken in that Court.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

This was an indictment against the defendant as a common seller of spirituous liquors, at Portland, without license, from May 15, 1842, until March 1, 1843.

The County Attorney called certain citizens of Portland as witnesses, to prove the charge in the indictment, who were objected to as incompetent witnesses, but the objection was overruled, and they were received as witnesses.

True W. Pettengill, also called by County Attorney, stated, on the voir dire, that he was connected with Davis in business, so far, and so far only, as that his compensation depended on the amount of profits made in the store ; all expenses were to be first paid, and witness was to have a portion of the profits remaining for his services, and that if the defendant were convicted, the fine and expenses would be deducted from the profits, and he would have a portion of what remained. He also testified that he was not a general partner, and was

not liable in any way for any of the debts that accrued in the business, and that the stock was purchased by the defendant.

The witness declined to testify unless so ordered by the Court; and was also objected to by the defendant. The presiding Judge ruled that he must testify in the cause. Upon his examination he testified that spirituous liquors were kept in the store and sold, from day to day, from July 1842 to the day of finding the indictment, by retail and in less quantities than twenty-eight gallons. It was a common thing for them thus to be sold. The defendant was attentive to his own business. On cross-examination, Pettengill testified, that he had never seen the defendant sell any spirituous liquors within the time alleged; that the defendant kept large quantities of fruit and a general eating shop, during that time, where country people and others were in the habit of calling for their meals, and was in daily attendance to his business in said shop. There was no evidence, that Davis was licensed for any purpose.

Upon this testimony, the defendant's counsel requested the Judge to instruct the jury, that if the defendant as a common victualer kept for sale ardent spirits in his shop to be drank upon the premises in less quantities than twenty-eight gallons, he was not subject to an indictment as a common seller. The presiding Judge declined to give these instructions, but charged the jury, that if they were satisfied that the defendant was a common victualer, he would not have any right to sell to others than those he might victual, and that the evidence that liquors in less quantities than twenty-eight gallons were kept for sale and sold in the store occupied by the defendant, in the manner stated by Pettengill, if sanctioned by the defendant, was evidence of his being a common seller, if believed, to change the burden of proof upon him, to show that the purchasers were those whom he had victualed; and that the presumption was that he was a common seller.

The jury found the defendant guilty, and he excepted to the ruling and instructions.

*Codman & Fox*, for Davis, contended that the witness had a positive interest, and therefore should not have been compelled to testify. 15 Maine R. 292 ; 7 Mass. R. 131 ; *Bank of Oldtown* v. *Houlton*, 21 Maine R. 501. Besides by testifying he would criminate himself.

The instruction requested should have been given. It was in the language of the Court in *State* v. *Burr*, 1 Fairf. 438.

The Instruction given was erroneous. The burthen of proof is always on the government, and is never changed to the respondent. *Commonwealth* v. *Thurlow*, 24 Pick. 374.

*Bridges*, Attorney General for the State, said that the case did not show, that the witness refused to testify on the ground of interest in himself. But he could have no interest. The agreement under which the interest is alleged to have arisen, was illegal and void. 1 Stark. Ev. 104.

The requested instruction was not applicable to the facts. Burr was a licensed victualer, but Davis had no license whatever.

The only objection to the instruction of the Judge is, that it was too favorable to the respondent. The case was completely made out, and the instruction permitted him to escape, erroneously, if he could have proved certain facts, which he failed to do. He was not a licensed common victualer, and therefore selling spirit to such as he victualed, would not have excused him.

The opinion of the Court was by

WHITMAN C. J. — This is an indictment against the defendant, for being a common retailer of spirituous liquors, without license ; and comes before us upon exceptions taken, in the Court below, to the rulings and instructions of the Judge presiding there, on his trial. The first ground of exception, viz. that the Judge admitted certain citizens of Portland, where the offence was alleged to have been committed, to testify, was not insisted upon in argument, the same point having been recently decided, in another county, in conformity to the ruling of the Court on the trial in this case.

The principal reliance of the defendant's counsel, was upon the ·supposed error in the ruling, that True W. Pettengill should be compelled to testify. It appeared that he was employed in the retailing of spirituous liquors, in the victualing cellar of the defendant; and that his compensation was to depend on the profits of the business; and he alleged, that, if the defendant should be compelled to pay a fine and costs, it would go to lessen the net profits, and that thereby his compensation would be diminished, and it was insisted that he was not compellable to testify under such circumstances. The Judge, on the trial, ruled that he was bound to testify; and we think very properly. It would be singular indeed, if, when one man commits a crime, another, who was to participate in the profits of it, could claim, for that reason, to be exempted from testifying against him. The law admits of no such ground of objection. In the argument it was contended, that the witness should not have been compelled to testify, because his testimony would tend to criminate him; but no such position appears in the bill of exceptions to have been taken; and of course the argument in this particular was irrelevant.

The Judge was requested to instruct the jury, that, if the defendant was in the exercise of the occupation of a common victualer, he would not be amenable to the law if he sold ardent spirits to his customers. We think the Judge did right in refusing to give this instruction. The statute is general in its terms. All who take it upon them to be common sellers of spirituous liquors, without being licensed therefor, in less quantities than twenty-eight gallons at a time, are liable to the penalty, whether they take it upon themselves to be common victualers or not.

*Exceptions overruled.*